IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, INC., 1800 Johnson Street Baltimore, Maryland 21230 <br><br> and <br><br> NATIONAL ASSOCIATION OF BLIND MERCHANTS 18121-C E. Hampden Avenue PMB 196 Aurora, Colorado 80013 <br><br> and <br><br> BILLIE RUTH SCHLANK, 4019 North River Street Arlington, VA 22207 <br><br> and <br><br> DONALD J. MORRIS, 16547 Old Emmitsburg Road Emmitsburg, MD 21727 <br><br> and <br><br> KEVAN WORLEY, 263 Pyrite Terrace Colorado Springs, Colorado 80904 <br><br> Plaintiffs, <br><br> v. <br><br> MARGARET SPELLINGS SECRETARY U.S. DEPARTMENT | Case No. _____ |

| | |
|---|---|
| OF EDUCATION<br>Washington D.C. 20202 | )<br>)<br>) |
| Serve on:<br>    Kenneth L. Wainstein<br>    United States Attorney<br>    District of Columbia<br>    555 4th Street, NW<br>    Washington, D.C. 20530 | )<br>)<br>)<br>)<br>)<br>)<br>) |
|     and | )<br>) |
|     Alberto Gonzales<br>    Attorney General of the United States<br>    United States Dept. of Justice<br>    950 Pennsylvania Avenue, NW<br>    Washington, D.C. 20530 | )<br>)<br>)<br>)<br>)<br>) |
|     and | )<br>) |
|     Margaret Spellings<br>    United States Dept. of Education<br>    400 Maryland Avenue, SW<br>    Washington, D.C. 20202 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| EDWARD ANTHONY<br>ACTING COMMISSIONER<br>REHABILITATION SERVICES<br>ADMINISTRATION, U.S. DEPARTMENT<br>OF EDUCATION<br>Washington D.C. 20065 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Serve on:<br>    Kenneth L. Wainstein<br>    United States Attorney<br>    District of Columbia<br>    555 4th Street, NW<br>    Washington, D.C. 20530 | )<br>)<br>)<br>)<br>)<br>)<br>) |
|     and | )<br>) |
|     Alberto Gonzales<br>    Attorney General of the United States<br>    United States Dept. of Justice | )<br>)<br>) |

```
950 Pennsylvania Avenue, NW        )
Washington, D.C. 20530             )
                                   )
and                                )
                                   )
Edward Anthony                     )
Rehabilitation Services Administration  )
United States Dept. of Education   )
550 12th Street, S.W.              )
Washington, D.C. 20065             )
                                   )
                                   )
       Defendants.                 )
```

## COMPLAINT

### I.  NATURE OF THE CASE

1. Plaintiffs National Federation of the Blind, National Association of Blind Merchants, Billie Ruth Schlank, Donald J. Morris, and Kevan Worley, bring this action against Defendants Margaret Spellings, Secretary, U.S. Department of Education, and Edward Anthony, Acting Commissioner, Rehabilitation Services Administration, all in their official capacities, individually and jointly, to require the Defendants to comply with the clear mandates of the Randolph-Sheppard Act Amendments of 1974, Pub.L. 93-516, § 201 (1974) (codified at 29 U.S.C. § 702 Note), which requires the Secretary of Education to assign a minimum of thirteen full-time equivalent employees to carry out duties related to the administration of the Randolph-Sheppard Act, 20 U.S.C. § 107 *et seq.*, a program whose primary purpose is to promote employment opportunities for blind vendors on federal property.

### II.  JURISDICTION AND VENUE

2. This action is authorized by 28 U.S.C. § 1361. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1361.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e), in that substantial parts of the events giving rise to this action occurred and continue to occur in this District and the

Defendants, as federal employees acting in their official capacities in offices within this District, are subject to personal jurisdiction in this District.

### III.    PARTIES

4. The National Federation of the Blind ("NFB"), the leading national organization of blind persons, is a not-for-profit corporation duly organized under the laws of the District of Columbia with its principal place of business in Baltimore, Maryland. It has affiliates in all 50 states and Washington, D.C. The vast majority of the Federation's approximately 50,000 members are blind persons as defined by the Randolph-Sheppard Act, 20 U.S.C. § 107 (E)(1). The Federation is widely recognized by the public, the Congress, executive agencies of government, and the courts as a collective and representative voice on behalf of blind Americans and their families. The purpose of the NFB is to promote the general welfare of the blind by (1) assisting the blind in their efforts to integrate themselves into society on terms of equality and (2) removing barriers and changing social attitudes, stereotypes and mistaken beliefs held by sighted and blind persons concerning the limitations created by blindness that result in the denial of opportunity to blind persons in virtually every sphere of life. The NFB and many of its members have long been actively involved in promoting and advancing employment opportunities for the blind, including advocating for continued improvement in implementation of the Randolph-Sheppard Act.

5. The National Association of Blind Merchants is a Division of the National Federation of the Blind that serves as a membership organization of blind persons employed in the Randolph-Sheppard vending program or similar self-employment and as an advocacy and support group regarding rehabilitation, social security, tax and other issues involving blind merchants. All members of the National Association of Blind Merchants are also members of NFB and reside and work throughout the country, including in the District of Columbia.

6. Billie Ruth Schlank is legally blind. She is a resident of Virginia. Ms. Schlank has been a Randolph-Sheppard vendor since 1976 and at present operates vending facilities at the Environmental Protection Agency and the Department of Commerce in the District of Columbia.

7. Donald J. Morris is legally blind. He is a resident of Maryland. Mr. Morris has been a Randolph-Sheppard vendor since January 1984 and operates a vending facility at the National Emergency Training Center in Emmitsburg, Maryland.

8. Kevan Worley is legally blind. He is a resident of Colorado. Mr. Worley has been a Randolph-Sheppard vendor since 1990 and operates a vending facility at Fort Carson, Colorado. Mr. Worley is also President of the National Association of Blind Merchants.

9. Margaret Spellings is the Secretary of the U.S. Department of Education and in that capacity is responsible for the overall direction, supervision and coordination of all activities of the Department of Education, including the Rehabilitation Services Administration.

10. Edward Anthony is Acting Commissioner for the Rehabilitation Services Administration ("RSA"). In that capacity, Mr. Anthony has responsibility for ensuring that the mandates of RSA are fulfilled, including but not limited to the effective implementation of the Randolph-Sheppard Act.

## IV.   FACTS

11. The Rehabilitation Services Administration ("RSA") is a federal agency in the Office of the Secretary of Education, headed by a Commissioner appointed by the President with the advice and consent of the Senate and with the principal responsibility of carrying out the requirements of the Rehabilitation Act, 29 U.S.C. §701 et seq. 29 U.S.C. § 702.

12. Congress enacted the Randolph-Sheppard Act to provide blind persons with remunerative employment, enlarge their economic opportunities, and stimulate the blind to make greater efforts in becoming self-supporting. 20 U.S.C. § 107(a).

13. To foster these goals, the Randolph-Sheppard Act gives priority to blind vendors to operate vending facilities on federal property. 20 U.S.C. § 107(b).

14. In 1974, Congress found that the Randolph-Sheppard Program "has not developed, and has not been sustained, in the manner and spirit in which the Congress intended at the time of its enactment," and that "at a minimum the following actions must be taken to insure the continued vitality and expansion of the Randolph-Sheppard program -- . . . (F) require

stronger administration and oversight functions in the Federal office carrying out the program . . . ." Pub. L. No. 93-516, § 201 (1974) (set out in notes to 20 U.S.C. § 107).

15. Based on its findings, Congress substantially amended the Randolph- Sheppard Act to specify that RSA was responsible for implementing the Randolph-Sheppard Program and enumerating specific oversight functions falling within that responsibility. 20 U.S.C. § 107(a) *et seq.* Those additional administration and oversight functions include conducting annual surveys of concession vending opportunities and of industries to assist blind persons to obtain employment (20 U.S.C. § 107a(a)(2) & (3)), periodically evaluating the program and taking such other steps as may be necessary or desirable to carry out the program (20 U.S.C. § 107a(a)(6)), convening arbitration panels to adjudicate complaints, (20 U.S.C. § 107d-2), setting ceilings for certain vending machine income ((20 U.S.C. § 107d-3(a)), and insuring that State agencies provide training that assures the achievement of vendors' maximum vocational potential (20 U.S.C. § 107d-4). All of these additional duties were for the benefit of the individual Randolph-Sheppard vendor Plaintiffs and the members of the organizational Plaintiff.

16. Congress recognized that RSA would require increased staffing to carry out these additional responsibilities. Accordingly, Congress ordered the hiring of ten additional full-time personnel (or their equivalent) to be assigned to the Office for the Blind and Visually Handicapped (currently referred to as Blind and Visually Impaired Division) of RSA to carry out duties related to the administration of the Randolph-Sheppard Act, 20 U.S.C. § 107. *See* 29 U.S.C. § 702 Note, codifying the Randolph-Sheppard Act Amendments of 1974, Pub. L. No. 93-516, § 201 (1974). Five of the additional personnel were to be support staff, and five administrative staff. 29 U.S.C. § 702 Note. This duty was initially imposed on the Secretary of Health, Education and Welfare, and then transferred to the Secretary of Education in 1980. *See* 20 U.S.C. §§ 2417 and 3441.

17. On information and belief, three employees were assigned to implement the Randolph-Sheppard program before the 1974 amendment. Thus, the additional staffing requirement of the Randolph-Sheppard Act Amendments of 1974 requires the Secretary of

Education to assign a minimum of thirteen (13) employees to implement the Randolph-Sheppard program.

18. In 1980, individual Randolph-Sheppard vendors and various organizations of the blind sued to require the Secretary of Education to comply with the statutory command to assign the ten additional personnel. The suit was voluntarily dismissed after the Department of Education affirmed in writing its plans to effect personnel changes that would satisfy the statutory requirement.

19. Currently, the Blind and Visually Impaired Division is located in RSA's central office in Washington D.C., and is supported by several RSA regional offices throughout the country. Each regional office has one staff person assigned half-time to the Randolph-Sheppard program.

20. Effective October 1, 2005, the Defendants plan to flout the Randolph-Sheppard Act's statutory staffing requirement and reduce the staffing of the program substantially below that required by law. RSA will be reorganized not only to abolish the regional offices, but to also abolish the Blind and Visually Impaired Division to which Congress directed the additional ten personnel should be assigned and abolish RSA's regional offices. The Randolph-Sheppard program will be assigned to the newly created Training and Service Programs Division together with Migrant and Seasonal Farm Workers, the American Indian Vocational Rehabilitation Services and a host of other programs unrelated to blindness. On information and belief, Defendants intend to staff the Randolph-Sheppard program with fewer than half the 13 full-time employees required by statute.

21. Without mandamus relief, the individual Randolph-Sheppard vendor Plaintiffs and the organizational Plaintiffs will not receive the full benefit of the programs and services intended by Congress in amending the Randolph-Sheppard Act.

22. Plaintiffs have no adequate remedy at law.

## V. CLAIMS

### Count I
### Mandamus Relief, 28 U.S.C. § 1361

23. The Randolph-Sheppard Act Amendments of 1974, Pub. L. No. 93-516, § 201 (1974) (codified at 29 U.S.C. § 702 Note), for the benefit of the individual Plaintiffs and the members of the organizational Plaintiffs, required the Secretary of Education to assign ten additional full-time personnel (or their equivalent) to the Office for the Blind and Visually Handicapped (currently referred to as Blind and Visually Impaired Division) of the Rehabilitation Services Administration, above and beyond the personnel assigned prior to the 1974 Amendment, to carry out duties related to the administration of the Randolph-Sheppard Act.

24. On information and belief, the staffing levels planned as of October 1, 2005, under the reorganization of the Rehabilitation Services Administration will violate this requirement.

25. By failing to comply with the staffing requirement of the Randolph-Sheppard Act Amendments of 1974, Defendants will violate a clear and unmistakable federal mandate.

26. Plaintiffs are entitled to mandamus relief pursuant to 28 U.S.C. § 1361 to require Defendants to assign the required number of personnel to administer the Randolph-Sheppard program.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

(a) Exercise jurisdiction over this action;

(b) Declare that Defendants' failure to comply with the staffing requirement of the Randolph-Sheppard Act Amendments of 1974, Pub. L. 93-516, § 201 (1974) (codified at 29 U.S.C. § 702 Note) violates that law;

(c) Order Defendants to comply immediately with the staffing requirement of the Randolph-Sheppard Act Amendments of 1974, Pub. L. 93-516, § 201 (1974) (codified at 20 U.S.C. § 107 Note) by adding additional personnel to the Blind and Visually Impaired Division of the Rehabilitation Services Administration to carry out duties related to the administration of the Randolph-Sheppard Act, until the total of such personnel equals or exceeds ten more full-time personnel (or their equivalent) than were employed in 1974;

(d) Award Plaintiffs' reasonable attorneys' fees, expenses, and costs; and

(e) Grant such other relief as may be just, equitable, and appropriate.

Respectfully submitted,

BROWN, GOLDSTEIN & LEVY, LLP

By: *Shelly Marie Martin /RO*
Shelly Marie Martin (473462)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 1700
Baltimore Maryland 21202
(410) 962-1030

Of Counsel:

Daniel F. Goldstein
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 1700
Baltimore Maryland 21202
(410) 962-1030

Attorneys for Plaintiffs