# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE NATIONAL FEDERATION OF THE BLIND, *et al.*, | * | |
| Plaintiffs, | * | Case No. 1:05 CV 01839 |
| v. | * | Judge Colleen Kollar-Kotelly |
| | * | |
| MARGARET SPELLINGS, *et al.*, | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF SAMUEL HUBBARD

1.  My name is Samuel Hubbard. I am over the age of 18 and am competent to testify.

2.  I am the CEO of Montana Business Enterprises, Inc. MBEP is a non-profit nominee agency under contract to the state of Montana to administer its Randolph-Sheppard program.

3.  MBEP contacted the United States Postal Service in May 2003 seeking permits to establish Randolph-Sheppard vending facilities in some Postal Service properties in Montana.

4.  The Postal Service initially denied this request, claiming that the Randolph-Sheppard Act did not apply.

5.  After a series of negotiations, MBEP and the Postal Service reached an agreement under which MBEP would operate all vending machines on Postal Service properties in Montana in exchange for paying a commission to the Postal Service. The Postal Service drafted an agreement to this effect that MBEP agreed to sign in or about

June 2005.

6. Thereafter, the Department of Education published an arbitration opinion in Arizona Dep't of Economic Security v. United States Postal Service, Case No. R-S-03-4 holding that such agreements violated the Randolph-Sheppard Act.

7. The Postal Service then requested assistance from the Department of Education / Rehabilitation Services Administration regarding the proposed agreement with Montana, specifically ways to modify the agreement to ensure that it complied with the law.

8. RSA held a meeting on or about August 24, 2005, to discuss the proposed agreement.

9. After that meeting, the Postal Service submitted a revised agreement to MBEP, and MBEP agreed to sign the revised document. The Postal Service, however, did not execute the document at that time and did not respond to several inquiries about concluding the agreement.

10. On or about November 1, 2005, MBEP's counsel spoke to Raymond Hopkins in the Department of Education about MBEP's difficulties in obtaining an executed agreement from the Postal Service and asked Mr. Hopkins to contact the Postal Service about the delay.

11. To the best of my knowledge, no one from the Department of Education took any action to assist in concluding the MBEP-Postal Service agreement.

12. To date, the agreement has not been executed. MBEP continued its efforts to work with the Postal Service despite the lack of assistance from the Department of Education, and is hopeful that the agreement will be executed within days of this

Affidavit.

13.  MBEP anticipates that it will receive about $6,000 – 7,000 from this agreement. Some of this income will go to blind vendors operating the vending machines in Postal Service facilities, and other portions will flow to MBEP for the benefit of the Randolph-Sheppard program.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Jan. 16, 2006
Date

Samuel Hubbard