# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE NATIONAL FEDERATION                    *
OF THE BLIND, *et al.,*

    Plaintiffs,                            *      Case No. 1:05 CV 01839

    v.                                     *      Judge Colleen Kollar-Kotelly

MARGARET SPELLINGS, *et al.,*              *

    Defendants                             *

    *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## AFFIDAVIT OF BILLIE RUTH SCHLANK

1.    My name is Billie Ruth Schlank. I am above the age of 18 and am competent to testify.

2.    I am a member of the National Federation of the Blind and the National Association of Blind Merchants.

3.    I am a licensed blind vendor in the District of Columbia's Randolph-Sheppard program. I am also the Assistant Coordinator for the Committee of Blind Vendors, an organization created by the Randolph-Sheppard Act to represent the interests of the blind vendors. I have been a licensed blind vendor since 1976, and at various times throughout my tenure, I have served several terms on the Committee of Blind Vendors in a variety of capacities.

4.    Among the Department of Education's responsibilities in overseeing the Randolph-Sheppard Act is the duty to ensure that state licensing agencies establish adequate accounting procedures and distribute income to blind vendors.

5.    The blind vendors in the District of Columbia have, on many occasions, sought the Department's help regarding the state licensing agency's failures in these regards.

6.      The state licensing agency has more available locations than Randolph-Sheppard vendors. Rather than relinquish these additional locations, the state licensing agency operates the vending facilities at vacant locations. These non-vendor operated facilities are referred to as department stands. The District of Columbia's state licensing agency receives vending machine income from these locations pursuant to 20 U.S.C. § 107d-3(a). These funds may only be used for specific, enumerated purposes under 20 U.S.C. § 107d-3(c), as determined by a vote of the blind vendors. The vendors in the District of Columbia have voted to use all vending machine income from locations to which no vendor is assigned to fund the vendors' pension plan.

7.      In 2005, the state licensing agency announced that it was changing the policy regarding department stands, and that vending machine income from the department stands would be used by the state licensing agency.

8.      I believe that this policy is illegal because the Randolph-Sheppard Act requires all vending machine income from locations to which no vendor is assigned to be paid to the vendors' pension plan.

9.      At the request of the Committee of Blind Vendors, the Department of Education convened a meeting on May 4, 2005, at which this and several other problems with the state licensing agency's administration of the Randolph-Sheppard program were discussed.

10.     At that meeting, the Committee asked the Department to advise the parties about whether the state licensing agency's use of vending machine income from the department stands violates 20 U.S.C. § 107d-3(a) and (c).

11.     After several months without a response, the Committee of Blind Vendors once again requested help from the Department of Education in determining whether the state licensing agency may use vending machine income from department stands.

12.     The Department held another meeting of the parties on or about November 29, 2005. At that meeting, the Department explained that it had not issued an opinion on the application of the Randolph-Sheppard Act to vending machine income earned at the department stands because it believed that the Committee had withdrawn the request while it was negotiating with the state licensing agency. The Committee clarified on November 29 that it had not withdrawn the request. To the contrary, the Committee considers it of vital importance. The Department of Education agreed to review the situation and advise the parties about whether the Randolph-Sheppard Act prohibits the state licensing agency from using these funds.

13.     To date, the Department has not provided the promised technical assistance. I believe that the Department's failure to timely offer an interpretation regarding the proper application of the Randolph-Sheppard Act is due to understaffing.

14.     Beginning October 1, 2005, the state licensing agency has taken for its own use about $10,000 per month in vending machine income earned at department stands.

15.     I participate in the vendors' pension plan. If the Randolph-Sheppard Act requires these funds to be invested in the vendors' pension plan, a pro rata share would be invested for my benefit.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING AFFIDAVIT ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

_____

Billie Ruth Schlank                              Date