# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE NATIONAL FEDERATION OF THE BLIND, et al., | * | |
| | * | Case No. 1:05 CV 01839 |
| Plaintiffs, | * | Judge Colleen Kollar-Kotelly |
| v. | * | |
| MARGARET SPELLINGS, et al., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF TERRY SMITH

1. My name is Terry Smith. I am above the age of 18 and am competent to testify.

2. I am the director of Tennessee Services for the Blind and Visually Impaired. In this capacity, I have responsibility for Tennessee Business Enterprises, the state licensing agency for the state of Tennessee. One hundred fifty-five blind vendors currently participate in the Tennessee Randolph-Sheppard program.

3. I am also a member of the National Council of State Agencies for the Blind, a national group that brings together various state agencies to work cooperatively on issues facing agencies that provide services to the blind. I am the chairperson of NCSAB's Randolph-Sheppard committee.

4. Through my work with Tennessee Business Enterprises and NCSAB, I interact with state licensing agencies nationwide to discuss challenges that Randolph-Sheppard programs are facing.

5. One problem shared by many state licensing agencies is that some federal agencies, in particular the Department of Defense, the Veteran's Administration, and the Postal Service, often refuse to allow Randolph-Sheppard vendors to operate on their properties in accordance with the Randolph-Sheppard Act.

6. The Department of Education/ Rehabilitation Services Administration has not taken action to enforce the Randolph-Sheppard Act or to encourage these agencies to comply with the law.

7. Instead, RSA and Education leave it to state licensing agencies to enforce the Act by seeking arbitration or filing lawsuits against recalcitrant federal agencies.

8. Many state licensing agencies do not have the resources to engage in these legal battles. Some must seek approval and representation from their state Attorney General, where unrelated issues such as limited manpower, limited budgets, and competing priorities from other agencies cause the state to decline to institute merit-worthy Randolph-Sheppard litigation. Many of these lost opportunities are for more lucrative sites that would have been available (by seniority or otherwise) to blind vendors already in the Randolph-Sheppard program.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

_1-15-06_
Date

_Terry C. Smith_
Terry Smith