UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL FEDERATION OF THE BLIND, INC. *et al* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-1839 (CKK) |
| MARGARET SPELLINGS, SECRETARY, U.S. DEPARTMENT OF EDUCATION, *et al*. | ) ) ) ) | |
| Defendants | ) ) | |

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM
### IN SUPPORT OF THEIR MOTION TO DISMISS

The Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully submit this supplemental memorandum in further support of their motion to dismiss. The Defendants endeavor to update their supporting legal authority with substantial supporting federal decisions handed down since the motion to dismiss was fully briefed in February 2006. Significant decisions addressing both the standard for considering motions to dismiss and cases addressing Article III standing have been filed. This authority strengthens Defendants' arguments that this Court should grant their motion to dismiss.

### DISCUSSION[1]

**B.      Standard of Review**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiffs' complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct.

---

[1] Defendants use the headings from their motion to dismiss for ease of reference.

1955, 1974 (2007) (clarifying the standard from Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing Twombly).  Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support a plaintiff's claims for relief.

In explaining its interpretation of Conley, the Court in Twombly noted that its view of the operative standard was the same, but it found the oft-quoted "no set of facts" language too readily subject to misinterpretation when applied out of context and too easily construed to be the standard:

> Justice Black's opinion for the Court in Conley v. Gibson spoke not only of the need for fair notice of the grounds for entitlement to relief but of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  355 U.S., at 45-46, 78 S. Ct. 99.  This "no set of facts" language can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings; and the Court of Appeals appears to have read Conley in some such way when formulating its understanding of the proper pleading standard, see 425 F.3d, at 106, 114 (invoking Conley's "no set of facts" language in describing the standard for dismissal).

127 S. Ct. at 1968.  It was in explicit reference to "Conley's 'no set of facts' language," id. at 1969, that the Court opined further:

> after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.

Id.  It also bears repeating that the touchstone is, again, the language "in the complaint."

More practically, the Twombly recitation means that Plaintiffs may not simply assert vague, conclusory, or disparate assertions that hint at or imply particular causes of action.  It is not enough simply to indicate which legal theories are being asserted.  See, e.g., Killingsworth v. HSBC Bank

Nevada, N.A., 507 F.3d 614 (7th Cir. 2007); Prisciotta v. Old Nat'l Bancorp., 499 F.3d 629 (7th Cir. 2007); Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). These qualitative standards certainly apply with equal or greater force in the context of Plaintiffs' burden to establish a factual basis for a finding that they have standing. See National Wrestling Coaches Association ("NWCA") v. U.S. Department of Education, 263 F. Supp. 2d 82, 108 (D.D.C. 2003), *aff'd on appeal*,383 F.3d 1047 (D.C.Cir. May 14, 2004), *cert. denied*, 545 U.S. 1104 (2005); Defts' MTD Memo at 5-6. See also Holt v. American City Diner, Inc., No. 05-1745, 2007 WL 1438489 Slip Op. at *5 (D.D.C. 2007) (noting higher burden applicable to proof of standing than faced in defending a motion to dismiss).

Notwithstanding any favorable inferences that Plaintiffs may receive on a motion to dismiss, it remains their burden to prove subject matter jurisdiction by a preponderance of the evidence. Am. Farm Bureau v. Envtl. Prot. Agency, 121 F.Supp.2d 84, 90 (D.D.C.2000), as cited in Randolph v. ING Life Ins. and Annuity Co., 486 F.Supp.2d 1, 5 (D.D.C. 2007) (see also standards applicable to standing analysis generally at 486 F.Supp.2d at 6).

C.  Argument

   1.  **No Private Right of Action under the Randolph-Sheppard Act**

Defendants' arguments that the comprehensive legislative scheme encompassed in the Randolph-Sheppard Act, including an integrated enforcement scheme, excludes a private right of action for enforcement of a congressional mandate, advanced on pages 6 through 8 of their memorandum supporting their motion to dismiss, is supported by the U.S. Court of Claims' decision in Colorado Dept. of Human Services v. United States, 74 Fed.Cl. 339, 345 (Fed. Cl. 2006) (hereinafter "CDHS"). In CDHS, the Court explained that "[i]n the absence of a clear indication to

the contrary, Congress's creation of a comprehensive remedial scheme is a strong indication that the scheme prescribed by statute was intended to be exclusive." Id. at 348.  Consequently, Plaintiffs' effort to advance a claim under the Randolph-Sheppard Act to enforce a congressional mandate, using the Act alone or combination with the Administrative Procedure Act or the Mandamus Act, should be deemed to be ineffective.  The legislative scheme does not contemplate an enforcement action in federal court.

    2.    **Plaintiffs Have Not Alleged or Suffered Any Harm**

Concerning the general requirements of Article III standing set forth on page 8 of their memorandum, the Supreme Court's decision in Hein v. Freedom From Religion Foundation, Inc., ___ U.S. ___, 127 S.Ct. 2553, 2562 (2007), reaffirms those standards in the context of its analysis of tax payer standing.

    a.    **Plaintiffs have not established "concrete or particularized" injury**

Supportive of Defendants' arguments on pages 9 through 11 of their memorandum are several more recent case decisions.  In Holt v. American City Diner, Inc., No. 05-1745, 2007 WL 1438489 (D.D.C. 2007), the Court held that "'some day' intentions-without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require." Id., slip op. at *5. Plaintiffs' effort here to link an alleged U.S. Department of Education (EDD) failure to comply with a years-old congressionally-mandated staffing requirement to some possible future harm to them is even more speculative and clearly can not overcome basic Article III standing requirements.

Both in Hein and Lance v. Coffman, ___ U.S. ___, 127 S.Ct. 1194 (2007), the Supreme Court reiterates the well-established view that general claims about the government's failure to

comply with the law or undifferentiated, generalized grievances about the conduct of government are insufficient to support Article III standing. As explained by the Court in Hein, " ' "[w]e have consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." ' Lance v. Coffman, [549 U.S. at ----, 127 S.Ct. at 1196]." Plaintiffs' allegation concerning EDD's failure to comply with the Randolph-Sheppard Act is clearly such a generalized claim. "This injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that [the Supreme Court has] refused to countenance in the past." Lance, 549 U.S. at ___, 127 S.Ct. at 1198.

      **b.**      **Allegations of Anticipated Injury are Not Enough**

Likewise, Courts have reaffirmed the principles that claims based on an increased risk of future injury, as well as claims based on conjecture or speculation about some future injury, are not enough to sustain Article III standing. In Public Citizen, Inc. v. National Highway Traffic Safety Admin., ___ F.3d ___, 2008 WL 169778 (D.C. Cir. 2008), the D.C. Circuit rejected Public Citizen's efforts to establish standing based on allegedly quantified risks associated with under-inflated tire pressure. In view of problems with its statistical analysis, the Court determined that the risk was too speculative to establish standing. Id., slip op. at 5-7. Several decisions concerning speculative claims have been issued. Randolph v. ING Life Ins. and Annuity Co., 486 F.Supp.2d 1, 7-8 (D.D.C. 2007) (claims concerning an increased risk of identify theft from lost or stolen data are too speculative). See also Tooley v. Bush, No. 06-306, 2006 WL 3783142, Slip Op. at *24 (D.C. Cir. 2006) (claims

by plaintiff that he was subject to a government wiretap were too speculative to support Art. III standing).

    **3.**    <u>**NFB and NABM Lack Associational Standing**</u>

The more recent decision of <u>American Chemistry Council v. the U.S. Dept. of Transportation</u>, 468 F.3d 810 (D.C. Cir. 2006), reiterates long-held principles concerning standards for associational standing. The D.C. Circuit holds that the Department of Transportation's failure to regulate as broadly as it could, so as to preempt burdensome state and local fire codes and ordinances, fails to allege a sufficiently concrete and particularized injury that will support Article III standing. Plaintiffs' claim here concerning the prospective effect of EDD not complying with the staffing provisions of the Randolph-Sheppard Act are equally lacking.

Case 1:05-cv-01839-CKK   Document 15   Filed 02/29/2008   Page 6 of 8

by plaintiff that he was subject to a government wiretap were too speculative to support Art. III standing).

    **3.**    <u>**NFB and NABM Lack Associational Standing**</u>

The more recent decision of <u>American Chemistry Council v. the U.S. Dept. of Transportation</u>, 468 F.3d 810 (D.C. Cir. 2006), reiterates long-held principles concerning standards for associational standing. The D.C. Circuit holds that the Department of Transportation's failure to regulate as broadly as it could, so as to preempt burdensome state and local fire codes and ordinances, fails to allege a sufficiently concrete and particularized injury that will support Article III standing. Plaintiffs' claim here concerning the prospective effect of EDD not complying with the staffing provisions of the Randolph-Sheppard Act are equally lacking.

WHEREFORE, Defendants submit that the foregoing supplemental authority should be considered by the Court in evaluating their Motion to Dismiss.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of February, 2008, I caused the foregoing Defendants' Supplemental Memorandum in Support of their Motion to Dismiss to be served on Plaintiffs' Counsel by the Electronic Court Filing system or, if this means fails, then by mail, postage prepaid, addressed as follows:

**Shelly Marie Martin**
**Brown, Goldstein & Levy, LLP**
**120 E. Baltimore Street, Suite 1700**
**Baltimore, MD 21202**

                              /c/
OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739